IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CHEDENA DORGIL
Plaintiff,

vs.                                                      Case No.

SBH FISH N' CHIPS, LLC d/b/a
BUBBY'S FISH N' CHIPS
a Florida Limited Liability Company,
and SCHNEUR BORENSTEIN, individually,
Defendants.

_____/

## COMPLAINT

Plaintiff DWIGHT ANDERSON, by and through the undersigned counsel, hereby sues

Defendants, SBH FISH N' CHIPS, LLC d/b/a BUBBY'S FISH N' CHIPS, and SCHNEUR

BORENSTEIN, individually, (collectively hereinafter "Defendants"), and in support thereof

avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by Plaintiff for damages exceeding $50,000 excluding attorneys' fees or

   costs for breach of agreement, quantum meruit, unjust enrichment and unpaid wages

   under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA") and retaliation.

2. This Court has jurisdiction over Plaintiff FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action, and continues to be, resident of Miami-

   Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a

   covered employee for purposes of the FLSA.

4. Defendant, SBH FISH N' CHIPS, LLC d/b/a BUBBY'S FISH N' CHIPS, is a Florida for Profit Corporation, having its main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, SCHNEUR BORENSTEIN, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant.

6. Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County and payment was due and owing in Miami-Dade County.

7. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

8. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff was employed by Defendants on or about November 11, 2021 through April 28, 2023, as a Cook, Clean, Host, and Server.

10. Plaintiff worked an average of 50 hours weekly without Defendant paying overtime compensation for hours in excess of 40 weekly.

11. In April of 2023, Plaintiff requested the manager to pay Plaintiff for all of her overtime hours.

12. Plaintiff was terminated on or about April 28, 2023 in retaliation for her complaints of unpaid overtime wages.

13. At all times material hereto, Plaintiff and Defendants were engaged in a contract whereby Plaintiff would be employed by Defendants and that Plaintiff would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

14. Plaintiff was not paid for his overtime hours worked in excess of forty hours (40) per week, as proscribed by the laws of the United States and the State of Florida.

## COUNT I
### Breach of Agreement against SBH FISH N' CHIPS, LLC

15. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1–14 of this complaint as if set out in full herein.

16. Defendant breached its agreement with Plaintiff by failing to pay the amount due to Plaintiff for services provided and performed under their agreement, and by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

17. Plaintiff suffered damages as a result of Defendant's breach of said agreement.

**WHEREFORE**, Plaintiff seeks damages from Defendant for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

## COUNT II
### Quantum Meruit against SBH FISH N' CHIPS, LLC

18. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1–14 of this complaint as if set out in full herein.

19. Plaintiff has conferred a benefit onto Defendant by performing and providing services for Defendant.

20. Defendant had knowledge of the services performed and provided and the benefit provided by Plaintiff.

21. Defendant accepted Plaintiff's services to Defendant.

22. Defendant retained an inequitable benefit from Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

23. Plaintiff seeks damages under *quantum meruit* that are the reasonable value of the services rendered to, provided to, and performed for Defendant.

**WHEREFORE**, Plaintiff seeks a judgment under *quantum meruit* for damages for the reasonable value of the services performed and provided for Defendant, interest and costs, and other damages deemed just by this Honorable Court.

### COUNT III
### *Unjust Enrichment against SBH FISH N' CHIPS, LLC*

24. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1–14 of this complaint as if set out in full herein.

25. Plaintiff has conferred a benefit upon Defendant for services performed and provided to Defendant.

26. Defendant has knowledge of the services performed and provided by Plaintiff.

27. Defendant voluntarily accepted the services performed and provided by Plaintiff.

28. Defendant unjustly benefit from the services performed and provided by Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

29. Plaintiff seeks damages for the value of the work performed to Defendant.

**WHEREFORE**, Plaintiff seeks a judgment for unjust enrichment against Defendant, interest and costs, and other damages deemed just by this Honorable Court.

## <u>COUNT IV</u>
### *Wage & Hour Federal Statutory Violation Against SBH FISH N' CHIPS, LLC*

30. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1 through 14 of this complaint as if set out in full herein.

31. This action is brought by Plaintiff to recover from Defendants unpaid minimum wage and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

32. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

33. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources,

accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

34. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

35. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendants' business activities involve those to which the Fair Labor Standards Act applies.  The Plaintiff's work for the Defendant likewise affects interstate commerce.

36. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

37. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq*. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

38. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

39. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiff respectfully pray for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff rights,

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## <u>COUNT V</u>
### *Wage & Hour Federal Statutory Violation Against SCHNEUR BORENSTEIN*

40. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1 through 14 of this complaint as if set out in full herein.

41. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, SBH FISH N' CHIPS, LLC.

42. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted

directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

43. Defendant had operational control of the business and is thus jointly liable for Plaintiff' damages.

44. Defendant willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully pray for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff' rights.

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**<u>COUNT VI:  FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE OF PLAINITFF PURSUANT TO 29 U.S.C. 215(A)(3) AGAINST *SBH FISH N' CHIPS, LLC*</u>**

45. Plaintiffs re-adopts each and every factual allegation as stated in paragraphs 1-14 above as if set out in full herein.

46. This action arises under the laws of the United States.

47. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

48. 29 U.S.C. § 206 (a) (1) states " ..an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)].

49. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…"

50. Plaintiff complained about overtime wages to the Defendant and shortly thereafter Defendant fired Plaintiff in retaliation for the complaint.

51. The motivating factor which caused Plaintiff's discharge as described above was the complaint seeking overtime wages from the Defendant.  In other words, Plaintiff would not have been fired but for her complaint for overtime wages.

52. The Defendant's termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (A)(3) and, as a direct result, Plaintiff has been damaged.

WHEREFORE, Plaintiff requests that this Honorable Court:

Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorney's fees, costs, and;

A. Reinstatement and promotion and injunctive relief prohibiting the Defendants from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages until Plaintiff becomes 65 years of age as well as all other damages recoverable by law 29 U.S.C. 216(b).

B. Plaintiff demands a trial by jury as to each count of this complaint.

## JURY DEMAND

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT VII:  FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE OF PLAINITFF PURSUANT TO 29 U.S.C. 215(A)(3) AGAINST *SCHNEUR BORENSTEIN*

53. Plaintiffs re-adopts each and every factual allegation as stated in paragraphs 1-18 above as if set out in full herein.

54. This action arises under the laws of the United States.

55. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

56. 29 U.S.C. § 206 (a) (1) states " ..an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)].

57. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…"

58. Plaintiff complained about overtime wages to the Defendant and shortly thereafter Defendant fired Plaintiff in retaliation for the complaint.

59. The motivating factor which caused Plaintiff's discharge as described above was the complaint seeking overtime wages from the Defendant.  In other words, Plaintiff would not have been fired but for her complaint for overtime wages.

60. The Defendant's termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (A)(3) and, as a direct result, Plaintiff has been damaged.

WHEREFORE, Plaintiff requests that this Honorable Court:

Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorney's fees, costs, and;

C. Reinstatement and promotion and injunctive relief prohibiting the Defendants from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages until Plaintiff becomes 65 years of age as well as all other damages recoverable by law 29 U.S.C. 216(b).

D. Plaintiff demands a trial by jury as to each count of this complaint.

JURY DEMAND

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right by jury.

**JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: January 31, 2025

Respectfully submitted,

/s/Jason Remer
**Jason S. Remer, Esq.**
Florida Bar No.: 165580
jremer@rgph.law
**REMER & GEORGES-PIERRE &
HOOGERWOERD, PLLC**
2745 Ponce de Leon Blvd.
Coral Gables, FL 33134.
Telephone: (305) 416-5000
Facsimile: (305) 416-5005