UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 25-20960-Gayles/Goodman

CHEDENA DORGIL

      Plaintiff,

vs.

SBH FISH N' CHIPS d/b/a
BUBBY'S FISH N' CHIPS,
A Florida Limited Liability Company,
SCHNEUR BORENSTEIN, individually,

      Defendants.

_____/

## DEFENDANTS' ANSWER TO COMPLAINT
## AND AFFIRMATIVE DEFENSES

COMES NOW, Defendants SBH FISH N' CHIPS d/b/a BUBBY'S FISH N' CHIPS ("BUBBYS), and SCHNEUR BORENSTEIN ("BORENSTEIN"), by and through their undersigned attorney, and hereby files its Answer to the Complaint and Affirmative Defenses, and contend as follows:

1.      Paragraph 1 sets forth jurisdictional allegations which do not require a response. To the extent a response is required, it is Admitted, in part, that Plaintiff purports to bring claims under state and federal law concerning unpaid wages and retaliation. It is Denied, in part, that Plaintiff is entitled to any relief under the stated claims. All other allegations and inferences in Paragraph 1 are denied.

2. Paragraph 2 is Admitted, in part, that the present court has jurisdiction over FLSA claims. It is Denied, in part, that Plaintiff is entitled to any relief. All other allegations and inferences in Paragraph 2 are denied.

3. Paragraph 3 is Denied as without knowledge as to Plaintiff's residence. Paragraph 3 is denied as to individual coverage under the FLSA for Plaintiff's work. All other allegations and inferences in Paragraph 3 are denied.

4. Paragraph 4 is Admitted to the extent that venue is proper for this matter in the United States District Court, for the Southern District of Florida, it is further admitted that BUBBYS meets the FLSA definition of enterprise coverage for the years 2022 and 2023. All other allegations and inferences in Paragraph 4 are denied.

5. Paragraph 5 is Admitted to the extent that BORENSTEIN is individually liable for the acts of the corporation, as defined by the FLSA, for the years 2022 and 2023; but only to the extent that the corporate Defendant is liable to the Plaintiff. All other allegations and inferences in Paragraph 5 are denied.

6. Paragraph 6 is Admitted to the extent that venue is proper for this matter in the United States District Court, for the Southern District of Florida. All other allegations and inferences in Paragraph 6 are denied.

7. Paragraph 7 is Denied.

8. Paragraph 8 is Denied.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

9. Paragraph 9 is Admitted, in part, that Plaintiff performed various duties including cooking and cleaning. All other allegations and inferences in Paragraph 10 are Denied.

10. Paragraph 10 is Denied.

11.     Paragraph 11 is Denied.

12.     Paragraph 12 is Denied.

13.     Paragraph 13 is Denied. No independent private contract existed outside of the independent requirements under federal and state law.

14.     Paragraph 14 is Denied.

## COUNT I
### Breach of Agreement

15.     Defendant incorporates by reference each and every response to paragraphs 1 through 14 of this Answer, and further contend as followed.

16.     Paragraph 16 is Denied.

17.     Paragraph 17 is Denied.

The unnumbered Wherefore Clause following Count I is denied, and further Defendants respectfully request this Honorable Court dismiss the Complaint, with prejudice, and award any other relief this Court deems just and proper.

## COUNT II
### Quantum Meruit

18.     Defendant incorporates by reference each and every response to paragraphs 1 through 14 of this Answer, and further contend as followed.

19.     Paragraph 19 is Denied to extent that it implies a gratuitous benefit and/or service was provided by the Plaintiff. Rather, Plaintiff was compensated for her work. All other allegations and inferences in Paragraph 19 are Denied.

20.     Paragraph 20 is Denied to extent that it implies a gratuitous benefit and/or service was provided by the Plaintiff. Rather, Plaintiff was compensated for her work. All other allegations and inferences in Paragraph 20 are Denied.

21.     Paragraph 21 is Denied to extent that it implies a gratuitous benefit and/or service was provided by the Plaintiff. Rather, Plaintiff was compensated for her work. All other allegations and inferences in Paragraph 21 are Denied.

22.     Paragraph 22 is Denied.

23.     Paragraph 23 is Denied.

The unnumbered Wherefore Clause following Count II is denied, and further Defendants respectfully request this Honorable Court dismiss the Complaint, with prejudice, and award any other relief this Court deems just and proper.

## COUNT III
### Unjust Enrichment

24.     Defendants incorporates by reference each and every response and denial in Paragraphs 1 through 14 as if fully set herein and further contend as follows.

25.     Paragraph 25 is Denied to extent that it implies a gratuitous benefit and/or service was provided by the Plaintiff. Rather, Plaintiff was compensated for her work. All other allegations and inferences in Paragraph 25 are Denied.

26.     Paragraph 26 is Denied to extent that it implies a gratuitous benefit and/or service was provided by the Plaintiff. Rather, Plaintiff was compensated for her work. All other allegations and inferences in Paragraph 26 are Denied.

27.     Paragraph 27 is Denied to extent that it implies a gratuitous benefit and/or service was provided by the Plaintiff. Rather, Plaintiff was compensated for her work. All other allegations and inferences in Paragraph 27 are Denied.

28.     Paragraph 28 is Denied to extent that it implies a gratuitous benefit and/or service was provided by the Plaintiff. Rather, Plaintiff was compensated for her work. All other allegations and inferences in Paragraph 28 are Denied.

29.     Paragraph 29 is Denied to extent that it implies a gratuitous benefit and/or service was provided by the Plaintiff. Rather, Plaintiff was compensated for her work. All other allegations and inferences in Paragraph 29 are Denied.

The unnumbered Wherefore Clause following Count III is denied, and further Defendants respectfully request this Honorable Court dismiss the Complaint, with prejudice, and award any other relief this Court deems just and proper.

## COUNT IV
### Wage & Hour Federal Statutory Violation against SBH Fish N' Chips, LLC

30.     Defendants incorporates by reference each and every response and denial in Paragraphs 1 through 14 as if fully set herein and further contend as follows.

31.     Paragraph 31 is Admitted, in part, that Plaintiff purports to bring a claim under the FLSA and the FLSA provides remedies for unpaid overtime and minimum wages. All other allegations and inferences in Paragraph 31 are Denied.

32.     Paragraph 32 is Admitted that the United States District Court, for the Southern District of Florida has jurisdiction over the claims alleged in the Complaint.

33.     Paragraph 33 is Admitted to the extent BUBBYS meets the FLSA definition of enterprise coverage for the years 2022 and 2023. All other allegations and inferences in Paragraph 33 are denied.

34.     Paragraph 34 is Admitted to the extent BUBBYS meets the FLSA definition of enterprise coverage for the years 2022 and 2023. All other allegations and inferences in Paragraph 34 are denied.

35.     Paragraph 35 is Admitted to the extent BUBBYS meets the FLSA definition of enterprise coverage for the years 2022 and 2023. All other allegations and inferences in Paragraph 35 are denied.

36.     Paragraph 36 is Admitted, in part, that Plaintiff purports to claim unpaid wages for a period of three years, but Denied that Plaintiff is entitled to any recovery. All other allegations and inferences in Paragraph 36 are denied.

37.     Paragraph 37 is Denied.

38.     Paragraph 38 is Denied.

39.     Paragraph 39 is Denied.

The unnumbered Wherefore Clause following Count IV is denied, and further Defendants respectfully request this Honorable Court dismiss the Complaint, with prejudice, and award any other relief this Court deems just and proper.

## COUNT IV
### Wage & Hour Federal Statutory Violation against Schneur Borenstein

40.     Defendants incorporates by reference each and every response and denial in Paragraphs 1 through 14 as if fully set herein and further contend as follows.

41.     Paragraph 41 is Admitted for the years 2022 and 2023. All other allegations and inferences in Paragraph 41 are denied.

42.     Paragraph 42 is Admitted to the extent that BORENSTEIN is individually liable for the acts of the corporation, as defined by the FLSA, for the years 2022 and 2023; but only to the extent that the corporate Defendant is liable to the Plaintiff. All other allegations and inferences in Paragraph 42 are denied.

43.     Paragraph 43 is Admitted to the extent that BORENSTEIN is individually liable for the acts of the corporation, as defined by the FLSA, for the years 2022 and 2023; but only to the extent that the corporate Defendant is liable to the Plaintiff. All other allegations and inferences in Paragraph 43 are denied.

44.     Paragraph 44 is Denied.

The unnumbered Wherefore Clause following Count V is denied, and further Defendants respectfully request this Honorable Court dismiss the Complaint, with prejudice, and award any other relief this Court deems just and proper.

## COUNT VI
### Retaliatory Discharge Against SBH Fish N' Chips LLC

45.    Defendants incorporates by reference each and every response and denial in Paragraphs 1 through 14 as if fully set herein and further contend as follows.

46.    Paragraph 46 is Admitted, in part, to the extent that the allegations are brought under the FLSA and therefore arises the laws of the United States. Paragraph 37 is Denied, in part, to the extent that Plaintiff is entitled to any recovery.

47.    Paragraph 47 is Admitted, in part, to the extent that the Untied States District Court, for the Southern District of Florida has jurisdiction over retaliation claims arising under the FLSA. Paragraph 47 is Denied, in part, to the extent that jurisdiction is conferred to this Court under the Florida Constitution, which is inapplicable to a claim arising the FLSA, 29 U.S.C. §215(a)(3).

48.    Paragraph 48 is Denied as 29 U.S.C. §206 does not contain the quoted language.

49.    Paragraph 49 is Denied as 29 U.S.C. §207 does not contain the quoted language.

50.    Paragraph 50 is Denied.

51.    Paragraph 51 is Denied.

52.    Paragraph 52 is Denied.

The unnumbered Wherefore Clause following Count VI is denied, and further Defendants respectfully request this Honorable Court dismiss the Complaint, with prejudice, and award any other relief this Court deems just and proper.

## COUNT VII
### Retaliatory Discharge Against Schneur Borenstein

53.     Defendants incorporates by reference each and every response and denial in Paragraphs 1 through 18 as if fully set herein and further contend as follows.

54.     Paragraph 54 is Admitted, in part, to the extent that the allegations are brought under the FLSA and therefore arises the laws of the United States. Paragraph 54 is Denied, in part, to the extent that Plaintiff is entitled to any recovery.

55.     Paragraph 55 is Admitted, in part, to the extent that the Untied States District Court, for the Southern District of Florida has jurisdiction over retaliation claims arising under the FLSA. Paragraph 55 is Denied, in part, to the extent that jurisdiction is conferred to this Court under the Florida Constitution which is inapplicable to a claim arising the FLSA, 29 U.S.C. §215(a)(3).

56.     Paragraph 48 is Denied as 29 U.S.C. §206 does not contain the quoted language.

57.     Paragraph 49 is Denied as 29 U.S.C. §207 does not contain the quoted language.

58.     Paragraph 58 is Denied.

59.     Paragraph 59 is Denied.

60.     Paragraph 60 is Denied.

The unnumbered Wherefore Clause following Count VI is denied, and further Defendants respectfully request this Honorable Court dismiss the Complaint, with prejudice, and award any other relief this Court deems just and proper.

**AFFIRMATIVE DEFENSES**

1.      Plaintiff's fails to state a claim for liquidated damages because the allegations do not rise to the requisite standard required for liquidated damages under the FLSA. Defendant's actions were in good faith, and they had reasonable grounds for believing that they were in compliance with the FLSA.

2.      Plaintiff's claims are barred, in part or in whole, by the applicable statute of limitation.

3.      Plaintiff's claims are barred, in part or in whole, by the applicable statute of limitation. With regards to claims alleged under the FLSA, claims are time-barred by a period of two years, as any alleged violation were not willful and Defendants reasonably believed they were in compliance with the law, and in no such case greater than three years preceding the filing of the complaint.

4.      Plaintiff's claims are barred or limited by 29 C.F.R. § 785.47, the *de minimis* doctrine.

5.      Plaintiff failed to meet all conditions precedent prior to filing the complaint.

6.      Plaintiff is not entitled to compensation for "preliminary or postliminary activities" in accordance with the Portal-to-Portal Act.

7.      Any hours worked beyond Plaintiff compensated workweek were unauthorized and performed without Defendants' actual or constructive knowledge.

8.      Any claim by Plaintiff must be off-set by any premium compensation, overpayments, bonuses, partial overtime payments, loans, compensatory time off, or other job-related benefits paid or provided to Plaintiff, which Plaintiff received and was not otherwise entitled to.

9.	Plaintiff is not entitled to compensation for any break and/or meal periods which were at least thirty (30) minutes in duration and during which they were relieved of her duties.

10.	Plaintiff's damages Counts VI and VII are limited or barred as Plaintiff did not have a good faith basis to claim overtime wages when she made the complaint.

11.	Plaintiff's damages Counts VI and VII are limited or barred by the after-acquired evidence doctrine.

12.	Plaintiffs' damages under Counts VI and VII should be barred or otherwise limited as Plaintiff failed to mitigate her damages. Plaintiff's recovery of damages (if any) may be barred or reduced by Plaintiff's failure to mitigate her damages as may be established through discovery.

13.	All employment actions taken toward Plaintiff were taken for legitimate, non-retaliatory business reasons wholly unrelated to Plaintiff's alleged complaint about minimum wages and/or overtime.

14.	At all material times, Defendants acted in good faith and without any retaliatory motive or intent.

15.	Plaintiff's claims under Counts I, II, and III are barred, in part or in whole, by waiver and/or estoppel. The Plaintiff continued to work despite allegedly not being paid her correct sums. The Plaintiff failed to disclose any issues with her payment at or near the time that her payment was received. Further, in the time since, the Plaintiff did not raise any complaints about her wage payments up to the filing of the complaint.

16.	Plaintiff's claims under Counts I, II, and III are barred, in part or in whole, by the doctrine of laches. The Plaintiff failed to disclose any issues with her payment at or near the time her payment was received. Further, in the time since, the Plaintiff did not raise any complaints about her wage payments up to the filing of the complaint. The Defendants were misled to believe

that Plaintiff was with her method of payment. As a result of Plaintiff's delay in presenting her claims, Defendants are now prejudiced by her recent complaint.

17.     Liquidated damages should be denied as it is discretionary for the court to award based on the appropriateness of the facts of the case, where damages may be difficult to prove or estimate. *Bosmeniel v. T.S.W. Residential & Commer. Servs., Inc.*, No. 8:23-CV-00714-CEH-TGW, 2023 U.S. Dist. LEXIS 173414, at \*15 (M.D. Fla. Sep. 27, 2023) *citing* Snapp v. Unlimited Concepts. Inc., 208 F.3d 928, 934 (11th Cir. 2000).

Dated: March 6, 2023

Mamane Law LLC
10800 Biscayne Blvd., Suite 650
North Miami, Florida 33161
Telephone (305) 773 - 6661
E-mail: mamane@gmail.com
*s/ Isaac Mamane*
Isaac Mamane, Esq.
Florida Bar No. 44561

## CERTIFICATE OF SERVICE

I hereby certify a true and correct copy of the foregoing was served via the Southern District of Florida's CM/ECF System, on Plaintiffs' counsel: Jason Remer, Esq., Remer, Georges-Pierre, & Hoogerwoerd, PLLC, 2745 Ponce De Leon Blvd, Coral Gables, Florida 33134, on this 6th day of March 2025.

Mamane Law LLC
10800 Biscayne Blvd., Suite 650
Miami, Florida 33161
Telephone (305) 773 - 6661
E-mail: mamane@gmail.com

*s/ Isaac Mamane*
Isaac Mamane, Esq.